UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **VLADAMIR MARTUSHEV**, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | 3:10-cv-00035 JWS |
| ) | | |
| vs. ) | | **ORDER AND OPINION** |
| ) | | |
| **CITY OF KENAI**, *et al.*, ) | | [Re:   Motion at Docket 32] |
| ) | | |
| Defendants. ) | | |
| ) | | |

### I.  MOTION PRESENTED

At docket 32, defendants the City of Kenai, Trish Gordon, Kelly Holt, James Johnson, Ben Lagham, Mitch Langseth, Scott McBride, David Ross, Gustaf Sandahl, Jay Sjogren, and Jeff Wannell (collectively "defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim. Plaintiffs Vladamir Martushev ("Martushev"), Richard Miller ("Miller"), Bo Armknecht, Greg Armknecht, and Michael McNab ("McNab"; collectively "plaintiffs") oppose the motion at docket 54. Defendants' reply is at docket 55. Oral argument was not requested and would not assist the court.

### II.  BACKGROUND

This lawsuit arises out of the Kenai Police Department's investigation of allegations of child pornography possession and sexual abuse of minor children. Ashley Armknecht told police that Richard Miller was sexually abusing her brothers, 15-year-old Gregory Armknecht and 18-year-old Bo Armknecht, and a third individual, McNab.

According to the complaint, on September 28, 2007, police officers went to Gregory Armknecht's school, waited for him to report to the principal's office, handcuffed him, put him in a police car, and drove him to the police station for questioning. Officers told him that they had sexually explicit photos of him. Gregory Armknecht denied that Miller abused him or took photos of him.

On the same day, officers searched Miller's office. The complaint alleges that the officers refused to show anyone a search warrant. Bo Armknecht and McNab were present and ultimately taken to the police station where they were questioned. Police officers told both boys that they had sexually explicit photos of them. The complaint also alleges that Martushev was present, "visiting" Richard Miller and that his personal property was seized.[1]

Although the search of Miller's home produced child pornography, it does not appear that any pictures of the alleged victims were recovered. Criminal charges against Miller are pending in state court.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiffs' claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[3] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible

---

[1] Doc. 1-5 ¶ 19.

[2] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

on its face."[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9]

## IV.  DISCUSSION

The sections of plaintiffs' complaint labeled "causes of action" contain multiple claims.  The court will address plaintiffs' individual claims.

### A. Plaintiffs' Search & Seizure Claims

Plaintiffs' allege that they were subjected to unlawful searches and seizures of their property in violation of the Fourth Amendment to the United States Constitution and Article I, §§ 14 (unreasonable searches and seizures) and 22 (privacy) of the Alaska Constitution.  With respect to Gregory Armknecht, the complaint alleges that police officers went to his school, waited in the principal's office, handcuffed him and placed him into a police car based on allegations that *he* had been sexually abused.[10]  Those alleged facts are plausibly suggestive of an unreasonable seizure.  However, a complaint must "give [a] defendant fair notice of what the plaintiff's claim is and the

---

[5]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[6]*Id.*

[7]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[8]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[9]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[10]Doc. 1-5 ¶ 11.

grounds upon which it rests." Because plaintiffs' complaint does not give the individual defendants fair notice of the claims against them specifically, it is deficient.

Although the complaint states that Gregory Armknecht's privacy was invaded, it is unclear what facts he relies on to support that proposition. Consequently, the complaint is not plausibly suggestive of a violation of Article I, § 22 of the Alaska Constitution.

The complaint also states that McNab's motor home was searched. The complaint does not allege that the search warrant did not cover the motor home. Although plaintiffs' motion indicates that the motor home was not described in the warrant,[11] that allegation is not included in the complaint. Consequently, the complaint's allegations that the search of McNab's motor home gave rise to constitutional violations is not facially plausible.

The complaint states that "[p]olice told" Michael McNab and Bo Armknecht that they "needed to take a ride with the officers" and that they were "arrested and placed into a police vehicle and taken to the police station."[12] The latter allegation is conclusory insofar as it states that McNab and Bo Armknecht were arrested. The non-conclusory allegations are "merely consistent" with defendants' liability and not plausibly suggestive that McNab or Bo Armknecht are entitled to relief.[13]

The complaint also alleges that Martushev was subjected to an unlawful search and his property unlawfully seized. The only factual allegations supporting the complaint's conclusions are that Martushev was present when police officers searched Miller's office and Martushev's personal property was confiscated. Those allegations are consistent with defendants' liability, but not plausibly suggestive of it.

### B.  Plaintiffs' 42 U.S.C. §§ 1983 and 1986 Claims

Plaintiffs assert claims under 42 U.S.C. § 1983 based on alleged violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

---

[11]Doc. 54 at 5.

[12]Doc. 1-5 ¶ 16.

[13]*Iqbal*, 129 S.Ct. at 1949.

Constitution.  It is unclear from the face of the complaint what facts suggest First, Fifth, Eighth, and Fourteenth Amendment violations.  To the extent the basis of plaintiffs' § 1983 claims are the alleged Fourth Amendment violations discussed above, it is unclear why they are asserted separately, and analysis under Rule 12(b)(6) in any event tracks the analysis in the preceding section.

Plaintiffs maintain that "[i]t is not necessary to specify a particular individual . . . [i]t is only necessary to identify an [a]gent . . . of the City of Kenai."  Plaintiffs are mistaken.[14]  Moreover, there is no vicarious liability under § 1983.[15]

Section 1986 of Title 42 renders liable "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of [the same] title, are about to be committed, and having power to prevent or aid in preventing commission of the same, neglects or refuses to do so."[16]  A claim under § 1986 can only be adequately pled if the complaint also states a claim under § 1985.[17]  Because there are no non-conclusory allegations in the complaint suggesting the existence of a conspiracy, the complaint does not state a claim under § 1986.[18]

## C.  Plaintiffs' Abuse of Process Claims

Plaintiffs allege that Kenai police officers attempted to "create victims in order to manufacture criminal charges against . . . Miller."[19]  Abuse of process has two elements, "(1) an ulterior purpose and (2) a willful act in the use of process not proper in the regular conduct of the proceeding."[20]  Defendants argue that plaintiffs have not provided

---

[14] See Swierkiewicz, 534 U.S. at 512.

[15] Ammons v. Washington Dept. of Soc. & Health Svcs., — F.3d — , 2011 WL 3606538, at *12 (9th Cir. Aug. 17, 2011).

[16] 42 U.S.C. § 1986.

[17] See 42 U.S.C. § 1986; Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).

[18] The complaint states only that "[d]efendant's supervisors had knowledge . . . that the wrongs conspired . . . were about to be alleged."  Doc. 1-5 ¶ 32.

[19] Doc. 1-5 ¶ 36.

[20] DeNardo v. Maassen, 200 P.3d 305, 311 (Alaska 2009).

sufficient factual support for an abuse-of-process claim. The court disagrees. The plaintiffs have alleged that Kenai police officers arrested alleged victims of sexual assault in order to coerce testimony against Miller. Taking the facts alleged in the complaint as true, plaintiffs have pled a plausible claim for abuse of process. However, the claim is still deficient insofar as it does not identify the responsible defendants.

### D. False Arrest Claims

"A claim of false arrest is established by showing a restraint upon the plaintiff's freedom without proper legal authority."[21] Plaintiffs' complaint adequately pleads a factual basis for a false arrest claim with respect to Gregory Armknecht–the complaint alleges that he was handcuffed and taken to the police station without an arrest warrant or probable cause that a crime was committed. The complaint also adequately pleads factual bases for false arrest claims with respect to Bo Armknecht and McNab. The allegation that police officers told Bo Armknecht and McNab that they "needed" to take a ride with them and that both were placed in a police car and taken to the police station is plausibly suggestive of false arrest because both individuals were suspected victims.

Defendants argue that because the complaint states that Gregory Armknecht was handcuffed "[b]ased in part on the false reporting of Ashley Armknecht"[22] the court is unable to "infer more than the mere possibility of misconduct."[23] However, the allegedly false reporting of Ashley Armknecht indicated that Gregory Armknecht was a victim of sexual abuse, not a perpetrator, and consequently, defendants are incorrect.

Defendants are correct, however, that plaintiffs' claims do not identify which defendants are responsible for what acts. Plaintiffs' false arrest claims are therefore not adequately pled.

---

[21] *Prentzel v. State*, 169 P.3d 573, 582–83 (Alaska 2007).

[22] Doc. 1-5 ¶ 11.

[23] *Iqbal*, 129 S.Ct. at 1950.

**E. Plaintiffs' Substantive Due Process Claims**

Plaintiffs' substantive due process claims are not adequately pled. The complaint does not identify what substantive due process rights were violated or identify the defendants responsible for any such violation.

**F.  Plaintiffs' Intentional Infliction of Emotional Distress Claims**

Plaintiffs' intentional infliction of emotional distress claims are stated in a primarily conclusory recitation of the elements the claim.[24]  Moreover, the complaint does not identify what conduct was extreme and outrageous or identify which defendants engaged in such conduct.  The claims are therefore not adequately pled.

**G. Plaintiffs' Negligent Infliction of Emotional Distress Claims**

Plaintiffs' complaint describes a factual basis for their negligent infliction of emotional distress claims–publication of the alleged victims' names in police reports–but does not identify which defendants engaged in that conduct.  Moreover, as defendants correctly point out, negligent infliction of emotional distress requires "physical injury in addition to severe emotional distress,"[25] and plaintiffs have not pled any physical injury.

**H. Plaintiffs' Claims Against Ashley Armknecht and Kristine Delaney**

The court agrees with defendants that the claims described in plaintiffs' eighth cause of action are directed at Ashley Armknecht and Kristine Delaney.[26]  The paragraphs supporting the eighth cause of action do not state a claim against the moving defendants.

**I. Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of

---

[24]Doc. 1-5 ¶¶ 44–51.

[25]*See Norcon, Inc. v. Kotowski*, 971 P.2d 158, 173 (Alaska 1999).

[26]*See* Doc. 1-5 ¶¶ 58–64.  Default was entered against both defendants on November 17, 2010.  Doc. 22.

other facts."[27]  The allegation of other facts and identification of the liable parties would cure the complaint's deficiencies.

## V.  CONCLUSION

For the reasons above, defendants' motion at docket 32 to dismiss the complaint for failure to state a claim is **GRANTED,** and plaintiffs' claims are **DISMISSED**. Plaintiffs shall have 14 days from the date of this order to file an amended complaint that conforms to the federal pleading standard.  Plaintiff's current counsel is advised to focus on pleading only legally supportable claims in the amended complaint.  He should eschew the "kitchen sink" approach of pleading any conceivable claim evident in the complaint drafted by plaintiffs' original lawyer.

DATED at Anchorage, Alaska, this 8th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[27] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).